## M. E. WILLIAMS v. THE STATE.

### No. 1568.        Decided March 20, 1912.

**1.—Giving Intoxicants to Minor—Statutes Construed.**

Article 1054, Revised Penal Code, and Article 593, Revised Penal Code, may both stand as valid; although the punishment under either is the same.

**2.—Same—Variance—Insufficiency of the Evidence.**

Where defendant was prosecuted of knowingly giving intoxicants to a minor, under Article 1054, Revised Penal Code, he could not be convicted under Article 593, Revised Penal Code, as the latter article does not make it necessary that the party knowingly gave the intoxicant.

**3.—Same—Age of Minor—Appearances.**

Where, upon trial of knowingly giving intoxicants to a minor, the evidence showed that from the appearnce of the alleged minor he was a man of twenty-two or twenty-three years of age, being about five feet and six or seven inches high, weighing one hundred and fifty pounds and having a heavy growth of beard and presenting himself as a man of age, etc., and that defendant understood that the said alleged minor was of age, the conviction was not sustained.

Appeal from the County Court of Mills. Tried below before the Hon. S. H. Allen.

Appeal from a conviction of knowingly giving intoxicants to a minor; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with unlawfully and knowingly giving intoxicants to a minor, who is named in the indictment as Earnest Duren.

The indictment was drawn under article 1054 of the Revised Penal Code, which provides that any person who shall knowingly sell or give, or cause to be sold and given, or delivered, or be in any way interested in the sale, gift or delivery of any spirituous, vinous, malt or intoxicating liquors to any person under the age of twenty-one years without the written consent of the parent or guardian of such person who is under the age of twenty-one years, shall be guilty of a misdemeanor, and shall be fined not less than $25 nor more than $100.

The court, upon hearing the evidence, found appellant guilty under the terms of article 593 of the Revised Penal Code, which denounces a punishment against any person who should give or deliver or cause to be given or delivered, or be in any way concerned in the gift, or delivery of any spirituous, vinous, malt or intoxicating liquors to any person under the age of twenty-one years, whether consigned to such person or to some other person, without the written consent of the parent or guardian. The punishment under the latter Act is also not less than $25 nor more than $100. The two Acts are not so seriously in conflict as to nullify each other, although the second section of article 1054 has reference to the same matter as article 593; however, the penalty is the same. The writer is of the opinion that at the risk of being charged with resorting to *"technicalities"* to uphold these two Acts, they can both stand. The Act last quoted provides a punishment for any person who shall give intoxicants to a minor where the intoxicants have been consigned to himself or

some other person, and seems to limit the giving to that peculiar class of case, while the Act under which appellant was indicted covers all other conditions as well as some of those in the other Act. In any event, appellant could not be convicted under article 593. That article does not make it necessary for the party to "knowingly" give the intoxicants, whereas the article under which appellant was indicted makes it part of the definition that he shall "knowingly" do so. The evidence must meet the allegation of the indictment. It is a self-evident proposition that appellant can not be indicted for one offense and convicted of another. Viewed from this standpoint, the judgment of the lower court will be held incorrect and reversible. Appellant could not be convicted under this indictment on the ground he had violated the terms of article 593, it being drawn under article 1054.

The case was tried before the court, without a jury, and he places in the record his findings of law and fact. The first finding is that appellant did give Duren the intoxicants; the third finding is that he convicted him under article 593, being chapter 67, page 119, of the Acts of the Thirty-First Legislature, which he holds covers this case, whether appellant knowingly gave the whisky to the minor or not. We have sufficiently disposed of that phase of his finding. The second finding is that appellant gave the whisky and that Duran was under 21 years of age, but he had the appearance of being a man of 22 or 23 years of age, being about five feet and six or seven inches high, and weighed 155 pounds, and had a heavy growth of beard. He also had the general appearance of a grown man, and represented himself on different occasions throughout the country to be a man of age. That he had for several years been in business for himself, buying and selling and shipping stock; that he transacted business with the bank, and made deposits in his own name, and drew drafts and checks on his funds in said bank. That he did a general business with said bank as though he was over 21 years of age, all of which was reasonably known to the defendant. The court finds a statement of facts rather mildly in favor of the defendant as compared with the testimony of the witnesses. Earnest Duren, the minor, testified that he was 20 years of age, and that he had a heavy growth of beard, and had represented himself as being 23 and 24 years of age; that he was in business with his brother, and that he did most of the buying and selling and shipping of stock, and that he had often transacted and attended to business for his father. Several witnesses testify the defendant had on many occasions stated that he was over 21 years of age, and that he had been in business for himself for years, and they all agree that he has the appearance of a grown man, represented himself as a grown man, and that he had a heavy growth of beard. Defendant testified that he knew many of these facts and understood that Duren had reached

his majority and was over 21 years of age. Under these circumstances appellant should not have been found guilty.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*