### James E. Sparlin v. The State.

#### No. 3249. Decided October 28, 1914.

**1.—Bigamy—Continuance—Motion for New Trial.**

Where the application for continuance showed the proper diligence to obtain the absent witness whose testimony was material, the motion for a new trial should have been granted.

**2.—Same—Charge of Court—Reasonable Doubt.**

Upon trial of bigamy, the court's charge should have submitted the defensive theory with the reasonable doubt.

**3.—Same—Indictment—Former Spouse.**

Where, upon trial of bigamy, the indictment failed to set out the name of the former spouse, but simply alleged that the defendant had a lawful former wife then living, the same was insufficient on motion to quash. Following Bryan v. State, 54 Texas Crim. Rep., 18, and other cases.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The charging part of the indictment was as follows: "Did then and there unlawfully marry B. Nettie Knowls, he the said James E. Sparlin, then and there having a lawful former wife then living, against the peace and dignity of the State."

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of bigamy. The defense he makes to the charge is that he was informed and believed that his first wife was dead at the time of the second marriage. He filed an application to continue the case on account of the absence of Mrs. V. L. Knowles, who was temporarily in California. He shows he propounded interrogatories to the witness and delivered them to the district attorney, who agreed to cross them but neglected and failed to do so. This was some six weeks before the trial, and the district attorney had continually promised to cross the interrogatories that the depositions might be taken. He states he expected to prove by Mrs. Knowles that he exhibited and delivered to her a letter from H. J. Alma to defendant informing him of the death of his first wife in a hospital in Oklahoma City, at the time he asked her consent to marry her daughter— his second wife; that she, Mrs. Knowles, had lost the letter. Attached

to the motion for a new trial is the affidavit of Mrs. Knowles that she would so testify, and under such circumstances we think the court erred in not granting a new trial. It was not a question for the court to determine whether or not the testimony was true under such circumstances, but the appellant had the right to have this testimony before the jury on the issue of whether or not appellant, at the time of the second marriage, believed his first wife was dead. Appellant testified to receiving this letter from Alma, and his effort to locate Alma with whom he had served in the army. Mrs. Knowles, in her affidavit, substantiates his contention that he did receive such a letter and delivered it, and she had lost it.

Appellant also complains of the charge of the court submitting the defensive issue. We think appellant should have been given the benefit of a reasonable doubt on this issue, as contended by him, and the charge should be so framed in another trial.

We have said this much in view of another trial if the State should see proper to reindict appellant.

A motion was made to quash the indictment, and under the holding of this court in the cases of McAfee v. State, 38 Texas Crim. Rep., 124; Vinsant v. State, 42 Texas Crim. Rep., 413, and Bryan v. State, 54 Texas Crim. Rep., 18, should have been sustained. In this last case Judge Ramsey exhaustively reviews the authorities, and under the motion to quash, the indictment should have been quashed.

The judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*