### JAKE CLAUNCH v. THE STATE.

#### No. 4680. Decided November 7, 1917.

**1.—Horse Theft—Postponement—Practice in District Court.**

Where defendant by inadvertence was misled to summon the wrong party as a witness, and immediately upon ascertaining the fact before the trial was completed asked for a postponement of the trial until he could secure the presence of the witness who could establish his alibi, etc., the court should have granted the postponement although the absent testimony was not newly discovered evidence in the strict sense of the term.

**2.—Same—Alibi—Charge of Court—Burden—Circumstantial Evidence.**

Where, upon trial of theft of a horse, the evidence was entirely circumstantial and there was testimony of an alibi, the court should have charged the reasonable doubt so that the burden was not upon the defendant and should have charged on circumstantial evidence, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of theft of a horse; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*F. E. Johnson,* for appellant.—On question of postponement: Spencer v State, 69 Texas Crim. Rep., 92, 153 S. W. Rep., 858; Weaver v. State, 52 Texas Crim. Rep., 11, 105 S. W. Rep., 189; Lindsey v. State, 98 S. W. Rep., 856; Prater v. State, 60 Texas Crim. Rep., 88; Ford v. State, 41 id., 8.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft and awarded three years confinement in the penitentiary.

The alleged owner drove his horse and buggy to a certain corner of a certain street in Cleburne and hitched the horse. This was something like 7:30 o'clock in the evening. About 9 or 9:30 he found his horse and buggy gone. Some time subsequently he recovered the buggy in Denton County, at Roanoke, about forty-eight miles from Cleburne.

The State's theory was that appellant drove the horse to Roanoke and sold both horse and buggy. Appellant denied having anything to do with it, and proved by witnesses that he was at Saginaw, in Tarrant County, eight or ten miles northwest of the City of Fort Worth, on the night the horse was taken, which was the 21st of February, and that on the 22nd of February the railroad construction gang of which he was a member, moved from Saginaw, about forty miles to the north or northwest, on the Rock Island Railroad. His presence there was shown by witnesses and by the man who had charge of this force on both dates. The fact of his presence was also sustained by the time book, which showed appellant's presence, hours of work, etc., on these respective dates. If that testimony is true it would have been an impossibility for appellant to have stolen the horse, and the witnesses who tried to identify him as being in Roanoke are mistaken.

The issue was sharply drawn as to his committing the theft or that he was seen with the horse at Roanoke. Two witnesses identified him as being at Roanoke. They had never seen him before. Among other means of identification of appellant was the fact that he had a crippled hand. Three witnesses were brought from Roanoke to Cleburne to identify appellant some months after the occurrence. Two of them identified him and the third did not; and, in fact, would have testified that he was not the man. One of the witnesses who identified him was a deputy sheriff and another the purchaser of the horse. The third one, who would have testified favorably to appellant on this question, was not at the trial.

It seems, from the case presented to the trial court, that appellant's attorneys went to the sheriff to secure the name of the third party, the absent witness, and the sheriff gave him the wrong name, and this party was summoned to the court but during the trial it was discovered by appellant's counsel that this was not the man and that the sheriff had given him a wrong name. Upon ascertaining this, at the noon hour, appellant's counsel requested the judge to postpone the final argument of the county attorney until the following morning, at which time he would secure the presence of the absent witness. The court refused, the case proceeded and closed that evening about 6 o'clock. Affidavit of this witness is attached to the motion for a new trial, and the facts set out to which he would testify. In substance, his evidence would have been that the man who drove the horse and

buggy to Roanoke had breakfast at the witness' restaurant and he noticed him particularly (his reasons being given therefor), and this was not the man who drove the horse to the place and sold it. This was very important testimony, and whether it be newly discovered testimony or not, we are of the opinion that appellant's request to postpone the final argument of the case until the following morning was reasonable and should have been granted. The testimony of this witness was very material and a postponement would not have unnecessarily delayed the court; and also, inasmuch as appellant had used fair diligence to secure the testimony of this witness, this judgment should be set aside. He was misled and he imputes no wrong to the sheriff; but he gave him the wrong name, and thinking he had the right witness went to trial. The horse was never seen after it left Cleburne by anybody who could identify it. That the buggy was found seems to be not questioned. A brother-in-law of the alleged owner of the horse went to Roanoke to identify the horse but when he reached there the horse had died and had been skinned. He testified that it was the bay horse, though he had been skinned when he saw him and that he did not see the hide that came off the horse.

The rule of newly discovered evidence might not strictly apply. The matter has been discussed in quite a number of cases, and while the testimony was hardly newly discovered, yet it might be pleaded in a certain sense as newly discovered. In fairness, justice and right, under the circumstances, appellant ought to have had this testimony before the jury.

There is another question. The court charged the jury: "If you believe from the evidence that the defendant, Jake Claunch, was not in Johnson County at the time said horse was taken but at said time was at a different place, or if you have a reasonable doubt of that fact, then you will find the defendant not guilty." We are of opinion that this charge reverses the rule. The jury should have been informed in some way that before they could convict they must believe beyond a reasonable doubt that defendant was in Johnson County and not that they must believe beyond a reasonable doubt that he was *not in* Johnson County.

It will be noticed in this connection that this is a case of circumstantial evidence. Nobody saw appellant take the horse. There is nothing to show when and where he got in possession of the horse, if he sold it in Roanoke. It is clearly a case of circumstantial evidence and the charge on this phase of the law was not given. This would serve to emphasize the error in the court's charge, above quoted.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*