## DAN EARNEST V. THE STATE.

### No. 4897. Decided February 13, 1918.

**1.—Minor—Intoxicating Liquors—Indictment—Arrest of Judgment.**

Where, upon trial of giving intoxicating liquors to a minor, the indictment was insufficient in alleging such minority, etc., the same should have been quashed on motion in arrest of judgment.

**2.—Same—Insufficiency of the Evidence—Knowledge of Defendant.**

In order to constitute the offense of unlawfully and knowingly giving intoxicating liquors to a minor, the evidence must show at least circumstantially the knowledge of the defendant that the party to whom he gave the liquor was a minor, otherwise the conviction can not be sustained. Following Hunter v. State, 18 Texas Crim. App., 444, and other cases.

**3.—Same—Evidence—Motive of Witness—Rule Stated.**

The bias and motives of witnesses are matters which may be proved to affect their credibility and the weight to be given to their testimony.

**4.—Same—Argument of Counsel—Requested Charge.**

Where the language of the prosecuting officer in examining the witness alluded to another offense and he repeated the same language in his argument, all of which was outside the record, and a requested charge to withdraw the same was refused, the same was reversible error.

**5.—Same—Requested Charge—Knowledge of Defendant.**

Where, upon trial of giving intoxicating liquors to a minor, the evidence raised the issue of knowledge of the defendant, the court should have submitted the requested charge that unless the jury found from the evidence beyond a reasonable doubt that the defendant gave intoxicating liquors to one whom he knew to be a minor, the jury should acquit.

Appeal from the County Court of Motley. Tried below before the Hon. A. B. Crane.

Appeal from a conviction of unlawfully and knowingly giving intoxicating liquors to a minor; penalty, a fine of one hundred dollars.

The opinion states the case.

*Geo. L. Mayfield, Jas. A. Stephens,* and *G. E. Hamilton,* for appellant.—Knowledge of defendant of age of minor: Gaines v. State, 21

S. W. Rep., 367; Henderson v. State, 38 id., 617; Williams v. State, 3 id., 661.`

On question of motive of witness: Doyle v. State, 59 Texas Crim. Rep., 39, 126 S. W. Rep., 1131; Payne v. State, 50 S. W. Rep., 363.

On question of argument of counsel: Harris v. State, 55 Texas Crim. Rep., 469, 117 S. W. Rep., 839; Haney v. State, 57 Texas Crim. Rep., 158, 122 S. W. Rep., 34; Smith v. State, 52 Texas Crim. Rep., 80, 105 S. W. Rep., 501.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the indictment is as follows: That Dan Earnest, on the 15th day of November, 1916, in the County of Motley and State of Texas, "did then and there unlawfully and knowingly give and cause to be given spirituous, vinous and intoxicating liquor to Hattie Williams, then and there being under the age of twenty-one years, without the written consent of the parent or guardian or of someone standing in the place and stead of parent or guardian of her, the said ——, against the peace and dignity of the State."

Motion was made to quash as well as in arrest of judgment. We are of opinion this indictment is not sufficient. It leaves it in doubt as to whether the minority is charged as to Hattie Williams or defendant, and also as to the question of consent. This uncertainty is reinforced by the fact that instead of charging that the parent or guardian stood in such relation to Hattie Williams, it fails to set out her name and leaves it blank. More care and caution should be taken in writing indictments charging statutory offenses. It could have been just as easily charged, and should have been, that if it was intended to charge appellant with giving intoxicating liquor to Hattie Williams, that she, Hattie Williams, was then and there under the age of twenty-one years. This would have been specific, and would have raised no question for decision on appeal. Upon another trial either proper indictment or complaint and information should be drawn in the terms of the law.

In order to constitute this offense the evidence must show that the indicted party knowingly gave or sold intoxicants to a minor. The evidence must show not only the minority, but knowledge of that fact on the part of the accused. This may be done by circumstances in the absence of positive evidence. The only evidence in the case bearing upon the age of Hattie Williams was that she was seventeen years of age last July, which would make her in her eighteenth year at the time of the trial. Under repeated decisions of this court this evidence is not sufficient to show knowledge on the part of the accused of the minority. The cases are collated by Mr. Branch in his Ann. P. C., p. 685; Hunter v. State, 18 Texas Crim. App., 448; Williams v. State, 23 Texas

Crim. App., 70; Schurzer v. State, 25 S. W. Rep., 23; Henderson v. State, 37 Texas Crim. Rep., 79; St. Clair v. State, 70 S. W. Rep., 218; Williams v. State, 145 S. W. Rep., 612. In the Henderson case, supra, the evidence was that the party to whom the whisky was sold was sixteen years of age. This was held not sufficient to show knowledge on the part of the accused. There is nothing to show the appearance of Hattie Williams, as to her size, development, etc., to place appellant upon notice of the fact that she was a minor.

Evidence was also offered to show that one of the State's witnesses had reasons and motives for testifying against appellant with regard to the fact that he saw appellant give whisky to Hattie Williams. This was reserved in at least two bills of exception. Upon another trial this testimony should be admitted. It is unnecessary to go into details. The bias and motives of witnesses are matters which may be proved to affect the credibility and the weight to be given the testimony of witnesses.

There is also a bill of exceptions reserved to remarks of the county attorney, and also to charges requested withdrawing these remarks, which were refused. One of the bills shows that while the defendant was cross-examining the witness Hattie Williams she was asked if there was anything done down there at that creek that night that was improper or wrong by any one of those boys. To this the county attorney objected, and remarked: "I object because that question is being asked by counsel for no other purpose under the sun except for the benefit of this defendant in a felony case, wherein he is indicted for rape on Bessie Hobbs." Prompt exception was reserved but without avail. The county attorney also used this language in his argument: "You should not allow men like this man to ruin little girls like the Hobbs girl, who is now in a rescue home." He also remarked: "My God Almighty, men, are you going to turn a devil like this loose when he was running around here ruining innocent little girls like Hattie Williams, when he ought to have been at home with his wife and children?" and further: "He is charged with rape, it is true, but I haven't got anything to do with that, the district attorney will take care of that." Exceptions to these remarks were promptly reserved and special charges asked, but without avail. These remarks were improper. There is no evidence in the record that appellant had committed rape upon the Hobbs girl, or that he committed rape at all. This was a statement by the county attorney outside the record. It is also stated in the bill that the county attorney referred to other and different offenses that were not in evidence, and which defendant had no opportunity to defend, and that such argument and statements were not justified nor warranted by any evidence in the record. This was error and of such a nature that it requires a reversal of the judgment. Upon another trial the prosecuting officer will refrain from using such language.

Charges were asked by appellant's counsel and refused by the court. Among others, this charge was asked: "You are instructed at the request of the defendant that in this character of case it is incumbent on the State to prove beyond a reasonable doubt that the defendant gave the intoxicating liquor, or caused it to be given, if he did so, to the prosecuting witness, Hattie Williams, knowing at the time that she was under twenty-one years of age, and unless you find from the evidence beyond a reasonable doubt that defendant gave intoxicating liquor to Hattie Williams and knew at the time he did so that she was a minor, you will acquit him and so say by your verdict." This charge ought to have been given in view of the fact that the only evidence in the record as to the minority of the girl was that she was seventeen last July, and only this evidence was introduced. The authorities cited above with reference to this matter as collated by Mr. Branch, we think, demand that this charge be given the jury.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*