JOE T. CLEVENGER V. THE STATE.

No. 7732.   Decided October 3, 1923.

Rehearing granted November 14, 1923.

1.—Transporting Intoxicating Liquor—Argument of Counsel.

In the absence of anything in the bill of exceptions which negatives the fact that the argument related to part of the evidence in the case, there is no reversible error.

2.—Same—Charge of Court—Medicinal Purposes—Reasonable Doubt.

Where the evidence raised the issue that the whisky in question was for using it as a medicine, and the jury were instructed, if they believed that the purpose of appellant in transporting the intoxicant was to use it for medicine to acquit, and the court was requested to instruct the jury, if they believed the appellant transported the liquor for medicine or had a reasonable doubt as to whether that was its purpose to acquit him, which was refused, the same is reversible error.

3.—Same—Medicinal Purpose—Reasonable Doubt—Charge of Court.

The law did not impose upon defendant the duty of proving the truth of his defensive theory, but it required alone that the evidence be such as to establish such fact as would leave in the minds of the jury a reasonable doubt as to its truth, and the requested charge should have been given. Following Sparlin v. State, 170 S. W. Rep., 307, and other cases.

Appeal from the District Court of Angelina.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Poston & Seale,* and *Coleman & Lowe,* for appellant.   Cited, Goforth v. State, 241 S. W. Rep., 1027; Castro v. State, 146 S. W. Rep., 553; Stuart v. State, 124 S. W. Rep., 656, and Shamburger v. State, 6 S. W. Rep., 540.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.   On question of charge of court, Kluting v. State, 90 Texas Crim. Rep., 44; Rylee v. State, 90 Texas Crim. Rep., 482.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

Appellant had in his possession while riding horseback along the public road two quarts of whisky tied to his saddle.   He declared in his testimony that he was taking the whisky to his home for medicinal

purposes. This issue, thus raised, was submitted to the jury, and they were instructed that if he was carrying the whisky to his home for medicinal purposes, an acquittal should result.

There is a bill complaining of the statement of the prosecuting attorney in argument to the effect that appellant had told a different story to the officers when he was caught. We find nothing in the bill which negatives the fact that the argument related to part of the evidence in the case. The bill, therefore, reveals no error

The judgment is affirmed.

ON REHEARING

November 14, 1923.

MORROW, Presiding Judge.—Appellant testified that he purchased two quarts of whisky which he had in his possession for the purpose of using it for medicine; that he had been advised to put bitter apple in whisky as a remedy for chills and fever; that during the past two years some of the members of his family had been ailing with that malady most of the time and he had been advised that if it continued it might produce black jaundice; that the only reason for having the whisky in question was to take it to his home and fixing it for medicine and using it for that purpose.

The jury was instructed to acquit if they *believed* that the purpose of appellant in transporting the intoxicants was to use it for medicine. The court was requested to instruct the jury to acquit if they believed he transported the liquor for medicine *or had a reasonable doubt* as to whether that was his purpose in transporting it.

That the appellant had in his possession two quarts of whisky and was carrying it with him is shown without dispute. He interposes as an affirmative defense the facts stated above, going to show that his transportation of the whisky was to his home for medicinal purposes. The paragraph of the main charge of the court required the jury *to believe this affirmative defense to be true as a predicate for an acquittal*. The appellant's innocence depended upon the defensive theory. The law did not impose upon him the duty of proving its truth, but it required alone that the evidence be such as to establish such facts as would leave in the minds of the jury a reasonable doubt as to its truth. The special charge would have complied with this rule. The following cases are in point; Sparlin v. State, 75 Texas Crim. Rep., 102, 170 S. W. Rep., 307; Earnest v. State, 83 Texas Crim. Rep., 41, 201 S. W. Rep., 175; James v. State, 86 Texas Crim. Rep., 107, 215 S. W. Rep., 459; Goforth v. State, 92 Texas Crim. Rep., 200, 241 S. W. Rep., 1027; Savage v. State, 92 Texas Crim.

Rep., 520, 244 S. W. Rep., 1002; Richardson v. State, 91 Texas Crim. Rep., 318. The authorities are reviewed at some length in Goforth's case, *supra,* and for a further review of them that case is referred to.

For the reasons stated the motion for rehearing is granted, the affirmance set aside, the judgment of the trial court reversed and the cause remanded.

*Reversed and remanded.*