## J. H. ANDERSON v. THE STATE.

No. 8517. Delivered Jan. 7, 1925.

No motion for rehearing filed.

**Assault to Murder—Charge of Court—Shifting Burden of Proof to Defend- ant—Erroneous.**

The court charged the jury that if they found certain facts to be true, beyond a reasonable doubt, they would convict the defendant of an aggravated assault. This was clearly erroneous, and the jury should have been instructed that if they had a reasonable doubt as to whether or not such facts were true, that they could not convict the defendant of a higher grade of offense than aggravated assault. Manifestly the charge of the court above given, shifts the burden of proof beyond a reasonable doubt from the State to the appellant. The wisdom of trying to group those things which might be thought to con- stitute adequate cause, is always questionable. Sec. 2048 Branch's P. C.

Appeal from the District Court of Gregg County. Tried below before the Honorable P. O. Beard, Judge.

Appeal from a conviction for an assault to murder, penalty, two years in penitentiary.

*John T. Luckley,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Gregg county of assault to murder, and his punishment fixed at two years in the penitentiary.

We see no particular benefit to be derived from an extended statement of the facts. Appellant reserved exception to the following part of the court's charge:

"Now if the jury shall believe from the evidence beyond a reasonable doubt that the defendant and A. A. Castleberry got into a mutual altercation about the payment of certain wagon wheels and that the defendant and the said Castleberry were using violent language towards each other and that they entered into a willing fight, and during the progress of such difficulty, in the defendant's mind by reason of the assault of the said Castleberry was produced a degree of anger, rage, sudden resentment or terror as to render him for the time being incapable of cool reflection, and that under the immediate influence thereof he assaulted said Castleberry with a knife with the intent to kill him, the defendant under such circumstances would not be guilty of assault with intent to murder but would be guilty only of an aggravated assault, and if you so believe, then you will find the defendant guilty of an aggravated assault and assess the proper punishment therefor."

The wisdom of attempting to group those things which might be thought to constitute adequate cause is always questionable. Sec. 2048, Branch's Ann. P. C. It would seem manifestly erroneous to tell the jury that they must believe beyond a reasonable doubt that those things appear in evidence and are true which would in law be adequate cause to reduce a killing from murder to manslaughter; also to instruct them that they must believe beyond a reasonable doubt that such things caused the killing, before they could convict of manslaughter; and also where the charge in the indictment was an assault to murder, to instruct the jury that they must believe the things above set out beyond a reasonable doubt before they could find the accused guilty of aggravated assault. Such however seems to us to be the interpretation of the charge quoted. The learned trial judge told the jury that they must believe beyond a reasonable doubt, (1) that the parties got into

a mutual altercation; (2) that they used violent language toward each other; (3) that they entered into a willing fight; (4) that during such difficulty the assault of Castleberry, the injured party, produced such degree of rage, etc., in appellant's mind as to render it incapable of cool reflection; (5) that under the influence of such passion he assaulted Castleberry with intent to kill him, and if they so found that appellant would not be guilty of assault to murder but would be guilty only of aggravated assault. Again, in the concluding part of said paragraph, to make certain that the proposition of belief beyond a reasonable doubt applies to all these things, it is again stated: "And *if you so believe,* then you will find the defendant guilty of an aggravated assault and assess his punishment," etc.

The law is that if the evidence supports the existence of those things which would reduce a killing from murder to manslaughter to such an extent as that the jury are not satisfied beyond a reasonable doubt that if death ensued the killing would be murder, it could be no more than manslaughter, and likewise, in a case similar to the one under discussion, when death did not occur, the accused could not be convicted of more than aggravated assault. Manifestly the charge of the court above given shifts the burden of proof beyond the reasonable doubt from the State to the appellant and this we consider an error of such gravity as to call for a reversal of the judgment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*