ANDY GILBREATH V. THE STATE.

No. 10605.   Delivered April 27, 1927.

Rehearing denied June 8, 1927.

1.—Giving Liquor to a Minor—Statutes Construed.

Under the old code, Art. 1054, Vernon's P. C., to constitute the offense of giving liquor to a minor, it must have been given "knowingly." Art. 1054 was superseded in the revised statute of 1925 by Art. 693, and in this revision the word "knowingly" was omitted, and in the case before us there was no error in refusing to charge the jury that the liquor must have been "knowingly" given to the minor.

2.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of the charge of the court, because it ignored the defensive theory and did not affirmatively submit same, and such bill fails to set out what such defensive theory was, it cannot be appraised by this court.

ON REHEARING.

3.—Same—Statute Construed.

Art. 693, Vernon's Tex. P. C. 1925, having omitted the word "knowingly" from the definition of the offense denounced, the omission of this element implies an intent that in future prosecutions it should not be incumbent upon the state to allege or prove guilty knowledge, with reference to the affirmative acts prohibited, but a mistake of fact might be interposed as a defense under Art. 4, P. C. 1925. See Vaughn v. State, 86 Tex. Crim. Rep. 258, and other cases cited.

4.—Same—Continued.

However, to warrant the submission of the issue of a mistake of fact as to the age of the minor, there must be cogent evidence that the appellant used proper care to inform himself touching the age of the person with whom he was dealing.

Appeal from the County Court of Rains County.    Tried below before the Hon. J. S. Smiley, Judge.

Appeal from a conviction for giving liquor to a minor, penalty a fine of $25.00.

The opinion states the case.

*Bozeman & Cathey* of Alba, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court of Rains County for giving liquor to a minor, punishment fine of $25.

There seems little question of the fact that the prosecuting witness, a minor, was given intoxicating liquor upon the occasion mentioned. He testified positively that appellant gave it to him. We will discuss the complaints made by appellant on appeal in the order in which they appear in the brief.

Appellant insists that the court should have given his special charges Nos. 1, 2, 3, 4 and 5, the refusal of which is complained of in bills of exception Nos. 4, 6, 7, 8 and 9. Said charges in slightly different language seek to have the jury told that before .appellant could be convicted in this case he must have knowingly given intoxicating liquor to the witness Adair. In support of his contention in this regard he cites the case of Earnest v. State, 201 S. W. 175, and other authorities therein mentioned. Without questioning the correctness of the cases cited, attention is called to the fact that Art. 1054, Vernon's P. C., which was in force at the time the opinion was handed down in the Earnest case, supra, and which was the law under which the Earnest case, supra, was prosecuted, provided that any person who shall knowingly sell or give or deliver, etc., any intoxicating liquor to a minor, shall be punished. In codifying the Penal Code which was adopted by the Thirty-Ninth Legislature, said Art. 1054, supra, was omitted, and our present statute, Art. 693 of the Revised Criminal Statutes of Texas, omits the word "knowingly" and provides simply that any person who shall give or deliver or cause to be given or delivered, etc., to any minor any intoxicating liquor, shall be punished by a fine of not less than $25.00 nor more than $100.00. It will thus be seen that the element of knowledge is no longer a part of the definition of this offense, and it follows that the special instructions referred to were properly refused.

Appellant's bill of exceptions No. 5 brings forward complaint

of the charge of the court which was excepted to because it ignored the defensive theory and did not affirmatively submit same. We are not apprised in any way as to what the defensive theory was, and, therefore, cannot measure the correctness of the exception.

Appellant insists that the testimony does not support the conviction. Clarence Adair testified that appellant and one Pick Dickson came to the place where he was about 8 or 9 o'clock in the evening. Witness said someone called his name and told him to come out there. He went. The person under the steering wheel of the car handed him a fruit jar and he took a drink of the contents, which was whiskey. Asked as to who the person was under the steering wheel, he said it was the defendant. On cross-examination he gave various reasons why he thought the party handing him the whiskey was appellant and not the other occupant of the car, who was well known to witness. On re-direct examination he again said that it was the defendant who gave him the whiskey. A deputy sheriff testified that he saw the defendant and another man in a car on the night in question, and that one of them threw a fruit jar out of the car as the officer approached, and that it contained whiskey. He also said he smelled liquor on appellant's breath that night.

We are unable to say that there was not sufficient testimony before the jury in this case to justify them in concluding that appellant was the party who gave the whiskey to the witness Adair. The witnesses were before the jury and they heard the testimony, and the trial judge, who also saw the witnesses and heard the testimony, refused a new trial in this case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense is denounced in the Acts of 1909. In Art. 1054, Vernon's Tex. P. C., 1916, it is declared that one who "knowingly" gives intoxicating liquor to a minor shall be guilty. As the offense is now defined, the word "knowingly" is eliminated. See Art. 693, Vernon's Tex. P. C., 1925. It was therefore not incumbent upon the state to prove that the appellant knew that Adair was a minor. To defend upon the ground of lack of knowledge, it would be necessary that the facts bring the transaction within the statute upon the subject of mistake, wherein it is declared that a mistake of fact not arising from a want of proper care may excuse the commission of a criminal act. See Art. 41, P. C., 1925. In construing the statute in which the word "knowingly" is absent, it has

been held under the revision of the Code that a mistake of fact was nevertheless available as a defense. See Simpson v. State, 58 Tex. Crim. Rep. 254, touching the presence of a minor in a pool hall; Reed v. State, 53 Tex. Crim. Rep. 4; Covington v. State, 51 Tex. Crim. Rep. 48; Patrick v. State, 45 Tex. Crim. Rep. 588, applying to the sale of intoxicating liquor. In Vaughn v. State, 86 Tex. Crim. Rep. 255, a number of precedents are cited. The case involved the alleged violation of the pure food law, from which, in the amendment of the statute, the word "knowingly" had been omitted. It was said:

"The omission of this element in the new statute * * * implies an intent that in future prosecution it should not be incumbent upon the state to allege or prove guilty knowledge with reference to the affirmative acts prohibited." (Vaughn v. State, 86 Tex. Crim. Rep. 258.)

See Ruling Case Law, Vol. 11, p. 1128; also notes in Vernon's Tex. P. C., 1925, Vol. 1, pp. 40 and 41.

At night, two men in an automobile presented themselves at the place of abode of Clarence Adair. One of them called him. He went to the automobile and was handed a jar of whiskey. He drank some of it. He recognized one of the men as Dickson. He did not know the appellant. According to the judgment of the witness, the voice of the person calling him was not that of Dickson. The appellant did not testify, but introduced evidence tending to combat the idea that he was an actor in the transaction at all. That theory was presented to the jury and determined in favor of the state. Adair was twenty years of age, weighed 150 pounds and was five and one-half feet tall.

Appellant contends that because of the size, weight and appearance of Adair, an instruction should have been given to the jury to acquit the appellant if he did not know that Adair was a minor, and it is upon the refusal to instruct the jury upon the subject of the appellant's want of knowledge that the motion under discussion is founded. The transaction took place in the dark. The personal attributes of Adair as denoting youth were unknown to the appellant. He delivered the whiskey to a stranger without knowledge of his age or appearance, and without an effort, by inquiry, observation or otherwise, to ascertain whether the person receiving the whiskey bore the appearance of a youth or one of maturity. To excuse him, he must not only have been unaware of the youth of Adair, but there must be facts upon which the jury might determine that the appellant's ignorance of the age of the witness was not due to his failure to exercise proper care. In the light of the evidence,

this court is not warranted in declaring that the learned trial judge committed an error in refusing to instruct the jury on the issue of mistake of fact for the reason, as above stated, that there is no cogent evidence from which the jury might have determined that the appellant used proper care to inform himself touching the age of the person with whom he was dealing.

The motion for rehearing is overruled.

*Overruled.*