## Will Caldwell v. The State.

No. 13861.  Delivered January 7, 1931.
Rehearing Denied February 11, 1931.

*Newman & McCollum,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, five years in the penitentiary.

A witness for the State testified positively that he bought from appellant a quantity of gin for which he paid six dollars. Appellant did not testify but interposed the defense of alibi to which three witnesses on his behalf gave testimony.

We find in the record a number of bills of exception, each of which has been carefully examined. We do not think bills of exception 1 and 2 complaining of the fact that the court declined to permit each juror to be asked on his voir dire if he believed in the law of reasonable doubt, or that same was a good law, present any error. We have had this same matter presented before. We see no reason for permitting such questions. The bills are qualified by the trial court's statement that he asked the jurors generally if any had any prejudice against the law of reasonable doubt and they informed him that they had none.

The prosecuting witness placed a mark upon the bottle of gin purchased by him from appellant, according to his testimony. There is a bill of exception complaining of the fact that he was permitted to testify that he did put such mark on the bottle which he later delivered to the county attorney. We see no error in allowing the witness to state that fact. Bill of exception No. 4 complains of the fact that the bottle was exhibited in the presence of the jury which had been labeled "Will Caldwell white, male, Brady, Texas, 1 quart gin—$6. October 25, 1929, C C W." The most that can be said of this bill of exception is that it states that said bottle with the above upon it was placed on the table four to six feet away from the jury. It is not shown that it was offered in evidence, or that any juror read or was able to tell what the label was on it. The matter seems one of immateriality.

The State undertook to follow and identify the bottle of gin. It was permissible for the State to show by the witness who bought it that he

delivered it about eleven or twelve o'clock that night to the county attorney, also to prove by the county attorney that he later delivered the bottle to the sheriff, and also by the sheriff that he had kept the bottle in the same condition it was up until the time of the trial, and that the bottle he brought into the court room was the identical bottle.

There is a bill of exception complaining that Mr. M. M. Walker, appellant's step-father who lived in Limestone County some distance away from the county of the prosecution, and who had testified to the presence of appellant at his home in Limestone County at or about the time of this alleged sale of gin in Mills County—was not allowed to testify that appellant and the men with him came to the home of witness for the purpose of looking at some mules that witness had for sale. The objection of the State to the reception of this evidence was that same was hearsay. It would appear plainly to call for a narration by the witness of what had been stated to him by appellant and others as to their purpose in coming to Limestone County. We think this would be hearsay and that the testimony was correctly rejected.

An exception was taken to the charge of the court, and the paragraph thereof on alibi which read as follows: "Now, if the evidence raises in your mind a reasonable doubt as to whether or not defendant was in Brady, McCulloch County, Texas, on or about the 25th day of October, 1929, when the witness Wilhelm bought the bottle of gin, if you believe that he bought a bottle of gin, you will find the defendant not guilty."

The complaint was that this unduly restricted the rights of appellant and placed upon him a burden unwarranted by law, and failed to require the State to establish its case beyond a reasonable doubt, and was a charge upon the weight of the evidence, and in effect told the jury that they must convict unless the testimony offered by the appellant was sufficient to raise in their minds the question of reasonable doubt. We have examined each of these contentions and do not think any of them can be sustained. The authorities cited in the brief of appellant as being analogous and upon facts similar, do not seem to us to be applicable. Said charge in general seems favorable to appellant, because the jury were told to acquit him if the evidence raised in their minds a reasonable doubt as to whether he was in Brady or was not in Brady. Inasmuch as he was compelled in the very nature of things to be either in Brady or not in Brady at the time of the commission of this offense, said charge would appear favorable. We do not think such charge should contain the words "whether or not," but that the giving of same could be of no injury to appellant in a case like this.

Not being able to agree with any of the contentions of appellant, the judgment will be affirmed.

*Affirmed.*

HAWKINS, Judge.—Appellant seems to think the charge on alibi in the present case is not distinguishable from those in Sessions v. State, 81 Texas Crim. Rep., 424, 197 S. W., 718; Claunch v. State, 82 Texas Crim. Rep., 114, 198 S. W., 307; Clevenger v. State, 96 Texas Crim. Rep., 23, 255 S. W., 622; Anderson v. State, 99 Texas Crim. Rep., 13, 267 S. W., 486; Supina v. State, 115 Texas Crim. Rep., 56, 27 S. W. (2d) 198.

In the latter case the charge condemned assumed that an offense had been committed. In Anderson's case accused was being tried for assault with intent to murder; the charge condemned required the jury to believe beyond a reasonable doubt the things accused was relying on to reduce the offense to aggravated assault. In the Clevenger case the charge required the jury to believe the defensive theory instead of advising that a reasonable doubt thereof was all that was required. As we understand the Claunch case the charge criticized was thought to require a finding beyond a reasonable doubt that accused was not in Johnson County, instead of requiring a finding beyond a reasonable doubt that he was in the county. Whether the charge was susceptible of the construction placed upon it may be debatable. In Sessions' case the condemned charge required the jury to believe beyond a reasonable doubt that accused was on his own premises, such being his defense to a charge of unlawfully carrying a pistol. We discover in the present charge none of the vices for which the instructions in the cases mentioned were condemned.

The motion for re-hearing is overruled.

*Overruled.*