## TILMAN JOHNSON v. THE STATE.

*No. 3484. Decided October 25.*

1. **Murder—Evidence—Motive.**—This prosecution was for the murder by poison (by mingling it with water contained in a bucket) of Elizabeth Rucker. The theory of the State was that the poison was intended to be administered to H. P. Rucker, the brother of the deceased, with whom the deceased lived. The proof shows that the defendant was the nephew of one Charles Johnson, had been partly reared by and at the time of the offense was living with the said Charles Johnson. For the purpose of showing motive the State was permitted to introduce in evidence certain indictments charging Charles Johnson with the forgery of the name of H. P. Rucker, which indictments, pending at the time of this offense, showed H. P. Rucker to be the main witness for the State, and a record of the court showing that subsequent to this offense the said Charles Johnson was convicted upon one of said indictments. The charge of the court restricted the evidence to the purpose for which it was admitted. *Held*, that for the purpose stated the evidence was competent.

2. **Same—Charge of the Court.**—The indictment charged that the murder was committed by poison mingled with water in a bucket. The State introduced evidence tending to show that poison at the same time was mingled with coffee in a kettle, and that it was the poison in the coffee that produced the death of deceased. The court charged the jury, in effect, that if deceased died from poison it was immaterial whether it was administered to her in the water or in the coffee. The defense objected to the evidence and excepted to the charge. *Held*, that the evidence was competent and the charge correct. It was only necessary in this case to prove the substance of the issue— that death was caused by poison. The manner in which the poison was administered not being descriptive of the offense, it was not necessary to prove it strictly as alleged in the indictment.

3. **Same—Evidence.**—It was the theory of the State that the defendant and W.

conspired together to poison the brother of the deceased; that they went to the house of deceased for that purpose and acted together in mingling the poison with the water and the coffee. On the trial the defendant proposed but was not permitted to prove that immediately before defendant and W. went to deceased's house on the evening alleged in the indictment, W. requested defendant to go with him to deceased's house, and that defendant after some hesitation consented, and went with W. in the direction of the said house. *Held*, that the exclusion of the proposed proof was error. The inculpatory evidence called upon the defendant to explain his presence at the house of the deceased at the time of the poisoning, and he was entitled, if he could, to prove that his purpose in going with W. was an innocent one, and not in pursuance of a conspiracy to commit murder.

4. **Same—Charge of the Court.**—In the absence of direct evidence proving that poison was administered to the deceased the defense asked a special charge as follows: "It is essential to a conviction that a chemical analysis of the contents of the stomach of the deceased should have been made, to the end that the fact as to whether the deceased died from natural causes or from poison might be ascertained; and if the State failed to take such precaution for the ascertainment of the truth you should acquit the defendant, unless there is before you direct proof of the act of poisoning." The trial court properly refused the instruction, it being now well settled that the cause of death may be established by circumstantial evidence and without the aid of expert testimony.

5. **Same.**—The fifth paragraph of the charge of the court reads as follows: "If you believe from the evidence that the defendant, acting either alone or in concert with Jeff Wood, did not poison Elizabeth Rucker, as explained in paragraph third, or if you believe that deceased was poisoned by accident or by her own voluntary act, or if you believe that deceased died from natural causes, or if you believe that deceased was poisoned by some other person than the defendant acting alone or in connection with Jeff Wood, then you will find the defendant not guilty." *Held*, error, because it in effect required the jury before finding for acquittal to believe *from the evidence adduced* that the defendant was innocent, and substantially instructed against the presumption of innocence until guilt was established by evidence beyond a reasonable doubt. The error in this respect in this case was not cured by the subsequent instruction in the usual form as to the presumption of innocence and the reasonable doubt.

APPEAL from the District Court of Limestone. Tried below before L. J. Farrar, Esq., special judge.

At the March Term, 1888, of the District Court of Limestone County, the appellant and one Jeff Wood were indicted jointly for the murder of Elizabeth Rucker by poison, to-wit: "That the said Tilman Johnson and Jeff Wood did then and there wilfully poison and cause to be poisoned a certain drink, to-wit, certain water then and there contained in a certain bucket at the house of H. P. Rucker, where said Elizabeth Rucker then and there resided, by then and there wilfully mingling and causing to be mingled with the water so contained in said bucket certain poison called strychnine and a certain poisonous and noxious substance to the grand jury unknown, with intent, etc.; and the said Elizabeth Rucker did then and there, not knowing that said water was so poisoned, drink and swallow a quantity thereof, and the said Elizabeth Rucker drank of the poison aforesaid so mingled in the water aforesaid and by her swallowed as aforesaid did, on the 7th day of March, 1888, in the county aforesaid, die," etc.

Subsequently the prosecution as to Jeff Wood was dismissed, and on September 5, 1890, the appellant was arraigned, pleaded not guilty, was tried and convicted, and his punishment assessed at imprisonment in the penitentiary for life.

The rulings on this appeal do not necessarily require a statement of the facts proved on the trial, and as the court explicitly declines to pass upon the cogency of the evidence, it will not be summarized in this report.

*Jackson & Rucker* and *T. J. Gibson,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.— It was not error to admit in evidence against the defendant the indictments and record mentioned in defendant's bill of exception.    This testimony was admissible to show motive for the commission of the murder, and to this purpose the testimony was restricted by the charge of the court.    Willson's Crim. Stats., sec. 1044.

It is charged in the indictment that the murder was committed by means of poison mingled with water in a bucket.    Over objections made by defendant, testimony was admitted tending to show that poison was at the same time mingled with coffee in a kettle, and that deceased also partook of the coffee, and that it was the poison in the coffee that caused her death. The court, with reference to this evidence, instructed the jury, in effect, that if deceased died from poison it was immaterial whether the poison was administered to her in water contained in a bucket or in coffee contained in a kettle.    We are of the opinion that the court did not err in admitting said testimony or in giving said instruction.    This is an instance in which proof of the substance of the issue only is required.    The substance of the issue here is, was the death of the deceased caused by administering poison to her?    It is immaterial how the poison was administered, whether in water, coffee, or in any other manner.    The manner of its administration is not descriptive of the offense, and need not be proved strictly as alleged in the indictment.    Douglass v. The State, 26 Texas Ct. App., 109, and authorities there cited.

On the trial the defendant offered to prove by a witness that immediately before defendant and Jeff Wood went to the house of deceased on the evening when the poisoning is alleged to have occurred, said Wood requested defendant to go there with him, and that defendant after some hesitation went in the direction of said house with said Wood.    Upon objection made thereto by the State, this proposed testimony was rejected. We think the court erred in this ruling.    It was the theory of the State that said Wood and the defendant conspired together to poison the brother of deceased; that they went to the house of deceased for that purpose, and acted together in placing the poison in the water and coffee.    It was

important for the defendant to show that he went to the house with Wood
for an innocent purpose, and not in pursuance of a conspiracy with Wood
to commit murder. He was called upon by the evidence adduced against
him to explain his presence at the house of deceased. That he was in-
duced by Wood to go there merely as company for Wood would be a cir-
cumstance tending to show that he went with an innocent intention, and
tending to explain consistently with his innocence his presence at the
house with Wood. Wood's request to him to go to the house and defend-
ant's conduct in response to such request were *res gestæ* of the act of his
going, and admissible evidence to explain the motive which actuated him
in going. Whart. Crim. Ev., 9 ed., secs. 753, 691; 7 Am. and Eng. Enc.
of Law, p. 52. We think the error committed by the rejection of said
testimony is sufficiently disclosed by the bill of exception to demand our
consideration, although the bill is not as full and specific as it might have
been made.

There is no direct evidence that poison was administered to the deceased.
To establish that the death of deceased was produced by poison the State
relies wholly upon circumstantial evidence. It is well settled that the
cause of death may be proved by circumstantial evidence and without the
aid of expert testimony. Smith v. The State, 43 Texas, 643; Lovelady
v. The State, 14 Texas Ct. App., 545; Powell v. The State, 13 Texas Ct.
App., 244. It was not essential to a conviction that a chemical analysis
of the stomach of the deceased should have been made in order to ascer-
tain whether or not death was caused by poison if death by poison was
clearly and satisfactorily proved by other evidence. It was not error
therefore to refuse to give defendant's requested charge No. 2.

We find in the record a bill of exception to the fifth paragraph of the
charge of the court, which paragraph is as follows: "If you believe from
the evidence that the defendant, acting either alone or in concert with
Jeff Wood, did not poison Elizabeth Rucker as explained in paragraph
three, or if you believe that deceased was poisoned by accident or by her
own voluntary act, or if you believe that deceased died from natural causes,
or if you believe that deceased was poisoned by some other person than
the defendant, acting alone or in connection with Jeff Wood, then you
will find the defendant not guilty." We think the paragraph is subject
to the exception that it requires the jury to *believe from the evidence* the
existence of the conditions which entitled him to acquittal. It virtually
requires the jury to believe from the evidence that he is innocent before
finding him not guilty, whereas the correct rule is that the jury must pre-
sume his innocence until his guilt has been established by the evidence
beyond a reasonable doubt. If the jury entertained a reasonable doubt
upon the whole evidence of the defendant's guilt, it was their duty to
acquit him, although they might not believe from the evidence the exist-
ence of the facts and conditions, or any of them, mentioned in said para-

graph.   It is true that in concluding his charge the learned judge gave the usual instruction as to the presumption of innocence and as to reasonable doubt, and ordinarily such instruction is sufficient, but in this case we do not think it was sufficient to correct and counteract the error in paragraph five.   Said paragraph would have been unobjectionable if it had merely instructed that if the defendant, either alone or in concert with Wood, did not poison the deceased, or if deceased was poisoned by accident, or if she poisoned herself, or if she died from natural causes, or was poisoned by some other person than the defendant or the defendant and Wood acting together, defendant would not be guilty.   The vice of the paragraph is in requiring the jury to *believe from the evidence* that some one of said conditions existed in order to warrant a verdict of acquittal because thereof.   Moore v. The State, 28 Texas Ct. App., 377, and cases therein cited.

Without determining the sufficiency of the evidence, for the errors we have specified the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.