### G. F. JONES v. THE STATE.

#### No. 8101.   Decided January 16, 1924.

1.—Transporting Intoxicating Liquor—Charge of Court—Burden of Proof.

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence raised the issue that the liquor was intended for medicinal purposes, the charge of the Court that the burden of proof would be upon the defendant to establish by a preponderance of the evidence that such liquor was transported for one or more of the excepted purposes above specified is reversible error.   Distinguishing Robert v. State, 90 Texas Crim. Rep., 133.

2.—Same—Amendment of Statute—Charge of Court—Reasonable Doubt.

The statute has been amended since the Robert case supra was decided and does not embrace the exceptions mentioned in the definition, but states them in a separate paragraph of the law, and the charge should have been so framed that it required an acquittal if from the evidence the jury believed that the defendant's transportation of the intoxicating liquor was for medicinal purposes or if they had a reasonable doubt whether that was his purpose.   Following Clevenger v. State, 255 S. W. Rep., 642.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of unlawfully transporting. intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Howard H. Dailey,* and *A. J. Harper,* for appellant.—Upon question of Court's charge Dyson v. State, 13 Texas Crim. App., 405; Morgan v. State, 16 id., 623; Dart v. State, 46 Texas Crim. Rep., 173; Humphries v. State, 58 id., 31; Manning v. State, 37 id., 180; Williams v. State, 148 S. W. Rep., 306; Davis v. State, 175 id., 1073.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The court, in the second paragraph of its charge, instructed the jury that the statute made it unlawful to transport intoxicating liquor, but declared that it was no offense to transport it for medicinal, mechanical, or scientific purposes, following which this language was used:

"In this connection you are instructed that it devolves upon the State to prove from the evidence beyond a reasonable doubt that the person accused transported spirituous liquor, capable of producing intoxication, on or about the time and place charged in the indictment, and when and if such shall be done by the State, the burden of proof would be upon the defendant to establish by a preponderance of the evidence that such liquor was transported for one or more of the excepted purposes above specified."

That part of the charge quoted is attacked upon the ground that it placed an undue burden upon the accused. The case of Robert v. State, 90 Texas Crim. Rep., 133, is relied upon by the State. In that case the charge was somewhat like the present one. The matter then before the court, however, was not the form of the charge but the interpretation of the statute defining the offense. The definition of the offense embraced the declaration that it was unlawful to transport intoxicating liquors *except for medicinal, mechanical, scientific or sacramental purposes.* It was held necessary that the indictment negative the exceptions. The question for decision was whether the State was also called upon to prove and negative the exceptions averred. It was held that such burden was not upon the State, and such is declared to be the correct rule. It does not follow, however, that the charge given in the present case is to be sanctioned. In a criminal

case, an acquittal is not to be conditioned upon the belief by the jury that the accused is innocent, but upon the belief by the jury beyond a reasonable doubt that he is guilty. Smith v. State, 9 Texas Crim. App. 150; Vernon's Texas Crim. Stat., Vol. 2, p. 638. The statute under consideration is not an exception to this general rule. If the jury in the present case had believed beyond a reasonable doubt that the appellant had transported intoxicating liquors, a conviction was authorized unless there arose from the evidence a reasonable doubt in the minds of the jury whether such transportation was for one of the permitted purposes. If there had been no evidence from any source that the liquor was transported for one of the excepted purposes, there would have been no necessity for mentioning the exceptions in the charge. The statute has been amended since the Robert case, supra, was decided, and does not embrace the exceptions mentioned in the definition, but states them in a separate paragraph of the law. See Acts of 37th Leg., 1st Called Session, Chap. 61; Vernon's Texas Crim. Stat., (1922 Sup.) Vol. 2, Arts. 588¼ and 588¼a1.

That the liquor was transported for one of the lawful purposes named is in the nature of an affirmative defense. When, as in the present case, the evidence raises an issue touching such defense, the charge should be so framed that it will require an acquittal if, from the evidence, the jury believed that the appellant's transportation of the intoxcating liquor was for medicinal purposes or if they had a reasonable doubt whether that was his purpose. Clevenger v. State, 96 Texas Crim. Rep. 23, 255 S. W. Rep. 642; Simpson v. State, 93 Texas Crim. Rep. 303, 247 S. W. Rep., 548; Johnson v. State, 29 Texas Crim. App., 150.

Because of the reason stated, a reversal of the judgment is ordered.

*Reversed and remanded.*