Lewis Arenson v. The State.

No. 8351.   Decided May 14, 1924.

1.—Possession of Intoxicating Liquor—Evidence—Bill of Exceptions—Transfer of Case.

Where appellant objected to the transfer of the case from one district court to another, but the bill of exceptions did not certify that the matters complained of were in fact true, and the indictment showed that it was returned by the grand jury organized for the District Court of Jefferson County, without any statement that it was the court of any particular district, there is no error.

2.—Same—Indictment—Constitutional Law.

The motion to quash the indictment was predicated upon many grounds attacking the constitutionality of the law under which the prosecution was had. These questions have been so frequently decided against appellant's contention that it is not necessary to review the matter.

3.—Same—Witness under Rule.

Where the officer testified for the State and was recalled in rebuttal, objection was urged that he had remained in the courtroom and heard the testimony in violation of the rule. However, the bill of exceptions not showing an abuse of the discretion of the court, there is no reversible error.

4.—Same—Evidence—Hearsay—Bill of Exceptions.

Where the bill of exceptions gives no information as to when or under what circumstances the remark of the officer was made there is no reversible error.

5.—Same—Charge of Court—Specific Exception—Thory of Defense.

Where the State relied upon a particular transaction to show the guilt of the defendant in possessing intoxicating liquor for the purpose of sale, and defendant explained entirely consistent with his innocence that he was not connected in any way with the liquor, this defensive theory should have been submitted to the jury, the objection having been specifically raised, and the judgment must be reversed and the cause remanded. Following: Forrester v. State, 93 Texas Crim. Rep., 415, and other cases.

Appeal from the District Court of Jefferson. Tried below before the Honorable Geo. C. O'Brien.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Howth, Adams, O'Fiel & Hart,* for appellant. On question of witness under rule: Welhausen v. State, 18 S. W. Rep., 300; Clery v. State, 150 id., 919.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale with an assessed punishment of two years in the penitentiary.

Appellant was the proprietor of a cold drink stand in the city of Port Arthur. On the day of the arrest officers entered his place of business and found him standing behind a counter with his hand upon a bottle of whisky which was upon the counter behind a root-beer keg. Upon the counter was a dollar bill and immediately in front of it were two men. Also, upon the counter were two small whisky glasses. It is not necessary to set out the testimony further, but it authorized the jury in reaching the conclusion that from the situation of the parties appellant was preparing to serve the two customers with whisky. Appellant himself testified that the whisky found by the officers did not belong to him but that it was brought in by one of the two men who were standing at the counter and was placed there by one of them, and that they had asked for a bottle of soda and that he (appellant) was preparing to serve them with soda water when the officers came in.

A bill of exception recites that before the announcement of ready for trial appellant called to the attention of the judge of the 58th Judicial District in which this case was tried that this case was on the docket of the court of the 60th Judicial District, and that the indictment had been returned into the 60th District Court and had never been transferred to the 58th District Court. The bill does not certify that the matters complained of by appellant were in fact true. The indictment shows to have been returned by a grand jury organized for the District Court of Jefferson County without any statement that it was the court of any particular district. As found in the record the bill presents no error.

Motion to quash the indictment was predicated upon many grounds attacking the constitutionality of the law under which this prosecution is had. The questions have been so frequently decided adversely to appellant's contentions that we do not feel called upon to review the matter again.

An officer testified in the development of the State's case in chief. When he was called again in rebuttal objection was urged because he had remained in the courtroom and heard the defensive testimony in violation of the rule which had been invoked by appellant. The

bill is insufficient to enable us to determine whether the court abused his discretion. It is not stated what the witness' evidence was upon being recalled. It may have had no relation to what any witness for appellant testified.

Complaint is made because an officer was permitted to testify that a man named Smith had stated "That he was there buying a drink," the objection being that it was hearsay. The bill gives us no information as to when or under what circumstances the remark occurred. The presumption is that the ruling of the learned trial judge was correct, and a bill complaining threat should be full enough to manifest the alleged error. (See authorities collated under Sec. 207, Branch's Ann. P. C.)

By a specific exception to the court's charge it was pointed out that there was an omission to submit the defensive issue, in that appellant had testified that he was not the owner of the whisky, and that it was not in his possession, but belonged to the parties present, and had been brought into his place of business and placed on the counter by them at the time they called for the soda water. If this was true, or the jury believed it to be true, or if the evidence raised in the jury's mind a reasonable doubt upon the question, appellant was entitled to an acquittal. The State relied alone upon this particular transaction to show guilt. It was explained by appellant in a way entirely consistent with his innocence. The issue of fact thus raised should have been passed to the jury under appropriate instructions. The exception to the charge was specific because of its omission therefrom. Richardson v. State, 91 Texas Crim. Rep., 318, 239 S. W., 218; Forrester v. State, 93 Texas Crim. Rep., 415, 248 S. W., 40.

For the failure of the court to submit said defensive issue the judgment must be reversed and the cause remanded.

*Reversed and remanded.*