HENRY TAYLOR v. THE STATE.

No. 8201.  Delivered February 4, 1925.

**Manufacturing Intoxicating Liquor—For Medicinal Purposes—Incorrect Charge.**

Where in a prosecution for manufacturing intoxicating liquor, evidence is presented that it was made for medicinal purposes, a charge of the court that if the jury believed the liquor was made for medicine to acquit, but that the burden was on appellant to so show, without a further instruction that if they had a reasonable doubt that it was not made for medicinal purposes to acquit, was incorrect, in that it deprived appellant of the benefit of the reasonable doubt on that issue, and this error necessitates a reversal of the case, and it is so ordered.

Appeal from the District Court of Milam County.  Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Milam County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The charge in the indictment is the manufacture of spirituous, etc., liquor, containing more than one per cent of alcohol by volume. The proof showed by analysis of the State chemist the liquor made by appellant contained more than ten per cent of alcohol by volume. The defensive theory was that it was made for medicinal purposes only, and in support thereof appellant proved that he had been in bad health and was making and using various medicines trying to get relief. In his charge to the jury the court told them that if they believed the liquor was made for medicine to acquit, but that the burden was on appellant to so show. Appellant excepted to this part of the court's charge, and asked a special charge in effect telling the jury that if they found he had made the liquor in question, but were not satisfied beyond a reasonable doubt that it was not made for medicinal purposes, they should acquit. We believe this charge should have been given. Jones v. State, 257 S. W. Rep., 895; Johnson v. State, 266 S. W. Rep., 155. Granting that the burden may be on one shown to have made forbidden liquor, in a

proper case, to bring himself within one of the excepted purposes—Evans v. State, 241 S. W. Rep., 148; Harris v. State, 248 S. W. Rep., 56; Lott v. State, 251 S. W. Rep., 1070—still that burden must be held discharged when the evidence raises in the minds of the jury a reasonable doubt on the question.    We think the refusal of the special charge such error as must call for a reversal of the judgment and it is so ordered.

*Reversed.*