## PABLITA GARCIA V. THE STATE.

No. 9230.   Delivered June 10, 1925.

**1.—Transporting Intoxicating Liquor—Charge of Court—Reasonable Doubt—Error.**

Where the affirmative defense was a transportation of intoxicating liquor for medicinal purposes, the court erred in refusing to apply the reasonable doubt to the affirmative defense offered by the appellant. In a criminal case an acquittal is not to be conditioned upon the belief by the jury that the accused is innocent, but upon the belief by the jury beyond a reasonable doubt that he is guilty.  Appellant's requested special charges correctly presented the issue, and the learned trial judge was in error in refusing such charges.  Following Jones v. State 257 S. W. 895, Taylor v. State, 268 S. W. 754, and other cases cited.

**2.—Same—Bill of Exceptions—Incomplete—Presents no Error.**

Where a bill of exceptions complains of the cross-examination of appellant, and proof by her of some statement made by her before a United States Commissioner, and the matter is not presented in a comprehensive way to unable us to pass upon the assigned error intelligently it presents no error.  See Sec. 542, Vernon's C. C. P.

Appeal from the District Court of Hays County.   Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one-half year in the penitentiary.

The opinion states the case.

*T. C. Johnson, Jr.* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Hays County for the offense of transporting liquor, and her punishment assessed at confinement in the penitentiary.

The testimony was undisputed to the effect that appellant and her husband were in an automobile together and that while traveling in Hays County, the car contained whiskey. Appellant contended that her husband was in bad physical condition and had secured the whiskey from a party who was selling it, for the purpose of taking it home to use as a medicine. The evidence is rather convincing to the effect that appellant's husband was really in bad physical condition. At any rate she clearly made the defense that her husband was transporting the liquor to be used by him solely for medicinal purposes. This under our authorities constituted an affirmative defense under the facts in this case.

Among other instructions given by the court, he told the jury that if they found from the evidence that appellant transported or possessed the liquor but that same was intended for use by her husband for medicinal purposes then to acquit the defendant. He again charged the jury that the State is not required to prove in the first instance that the transportation or possession of the liquor was not for medicinal purpose, but told them if the evidence showed beyond reasonable doubt that the defendant transported the liquor for the purpose of sale, that the burden is on the defendant to show that such transportation was for medicinal purposes.

Defendant urged every proper exception to this charge and in addition asked the court to give a special charge to the effect that it is not unlawful to transport liquor for medicinal purposes, and if they found that the defendant transported the liquor in question, but that same was intended for use by her husband for medicinal purposes or if they had a reasonable doubt if same was intended for such use, to find the defendant not guilty. Under the facts in this case, the court erred in refusing to apply the reasonable doubt to the affirmative defense offered by the appellant. His attention was directly called to this matter by objections which were pertinent, clear and exact and he was also requested to embrace this matter in his instructions by a proper special charge timely presented. It will be observed that the court not only fails to apply the doctrine of reasonable doubt to the affirmative defense offered, but in addition to this he affirmatively placed the burden on the appellant to show that such transportation was for medicinal purposes. In placing this burden on the appellant, it was certainly the duty of the court to instruct the jury as to what amount of proof would be necessary to enable the appellant to discharge the burden thus placed upon her. Jones v. State, 257 S. W. 895. Clevenger v. State, 255 S. W. 622. Taylor v. State, 268 S. W. 754. Samburger v. State, 6 S. W. 540. John v. State, 15 S. W. 647.

The exact question was decided by Presiding Judge Morrow of this court, in the Jones case, supra, who used the following language:

"in a criminal case, an acquittal is not to be conditioned upon the belief by the jury that the accused is innocent, but upon the belief by the jury beyond a reasonable doubt that he is guilty. That the liquor was transported for one of the unlawful purposes named is in the nature of an affirmative defense. When, as in the present case, the evidence raises an issue touching such defense, the charge should be so framed that it will require an acquittal if, from the evidence, the jury believed that the appellant's transportation of the intoxicating liquor was for medicinal purposes or if they had a reasonable doubt whether that was his purpose."

In the Taylor case, supra, Judge Lattimore said:

"Granting that the burden may be on one shown to have made forbidden liquor in a proper case, to bring himself within one of the excepted purposes, still, that burden must be held discharged when the evidence raises in the minds of the jury a reasonable doubt on the question."

We think under the authorities above cited, the trial court committed error in refusing to correct his charge in accordance with appellant's objection or failing to do so then in refusing to give the special charge offered.

Appellant contends that the court erred in permitting the State to cross-examine her while a witness in her own behalf with reference to testimony she had given at the examining trial of one Petroskey, the party from whom the liquor is alleged to have been bought, before the United States Commission at Austin. The sole objection shown by the bill of exceptions to the introduction of this testimony was that she was under arrest, and in the custody of the officers at the time such testimony was given and no declaration, confession or statement so made by her while under arrest would be admissible. This bill of exceptions is too general to show error. Section 29, page 542, Vernon's C. C. P.

For the error in the court's charge as above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.