A. YATES v. THE STATE.

No. 8732.   Delivered October 7, 1925.

1.—Theft of Cattle—Ownership—Recorded Brand—Admissible to Establish.

Where on a trial for cattle theft, the ownership of the cattle may be shown by the introduction in evidence of the recorded brand of the owner. A recorded brand is like any other evidence of ownership, and having been admitted in evidence, is for the consideration of the jury, like any other evidence, and the court is not required to, and ordinarily should not call attention to it in the charge.   See Art. 7160, Vernon's Sayle's complete Texas Statutes.   Following Turner v. State, 160 S. W. 357 and other cases cited. Distinguishing Crowell v. State, 6 S. W. 318.

2.—Same—Recent Possession—Evidence held Sufficient.

Where on a trial for theft, evidence of possession of the stolen property to raise the presumption of guilt, must be a recent possession, an examination of all the evidence in this case convinces us that the possession of the stolen animal by appellant was recent, and not remote from the discovery of his possession.

3.—Same—Possession of Owner—How Proven.

Where on a trial for theft of one cattle, proof that the cow in question was with other cattle of prosecuting witness, and was in his direct charge and control, and in his possession, is held sufficient to show the possession of the owner.

Appeal from the District Court of Howard County.   Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction of theft of one cattle; penalty, two years in the State penitentiary.

The opinion states the case.

*J. F. Cunningham,* and *W. J. Cunningham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Howard county for the offense of theft and his punishment assessed at confinement in the penitentiary for a term of two years.

The record is before us without bills of exception and the only question for our determination is that of the sufficiency of the evidence.   The facts show that the appellant and Hamlin the alleged injured party lived on adjoining places in Howard county, and that the appellant owned some four or five hundred head of cattle and the alleged injured party owned something like five hundred head.   That appellant moved on the place that he occupied at the

time of the alleged theft about January 1, 1921. That on or about March 22, 1923, Hamlin found a cow which formerly carried his mark and brand on premises belonging to the appellant and that the mark and brand had been changed. Hamlin testified that the appellant told him that he had changed the mark and brand on said cow. Appellant's wife testified that the cow in question was either on the place when they moved there in January, 1921, or that she came there shortly thereafter. The facts further show that the appellant had sold the cow and that he went to the alleged injured party and asked him what it would take to straighten the matter up, and in pursuance of this conversation turned the cow and her offspring over to the alleged injured party. This is perhaps a sufficient statement of the facts to discuss the propositions presented.

Appellant seriously contends that the mark and brand being the only evidence of ownership, it is insufficient and cites the case of Alexander v. State, 5 S. W. 840. Crowell v. State, 6 S. W. 318.

The Crowell case dealt with an unrecorded brand and is therefore not in point, it being undisputed in this case that the mark and brand were both recorded in Hamlin, long prior to the date of the alleged theft.

The Alexander case, *supra,* cited by the appellant in our opinion is not in accord with appellant's contention therein. The following quotation from that case is all that it contains pertaining to the question of marks and brands:

"We find no error in the charge of the court, nor do we think that the court erred in refusing the special charges requested. One of said special charges was embraced, substantially, in the general charge, and the other, with reference to the effect of evidence of a recorded brand, was properly refused, because, upon the weight of evidence. While a recorded brand is admissible in evidence to prove ownership, the statute does not make it *prima facie* proof of ownership nor attach to it any peculiar weight, or even expressly declare it to be admissible evidence. It is like any other evidence of ownership, and, having been admitted in evidence, is for the consideration of the jury, like any other evidence, and the court is not required to, and ordinarily should not, call attention to it in the charge."

Instead of this case sustaining appellant's contention, we find that it directly holds that a recorded brand is admissible in evidence to prove ownership. We think it hardly necessary to further discuss this question and upon the following authorities hold that the proof of ownership was sufficiently established. Art. 7160, Vernon's Sayle's Complete Statutes. Turner v. State, 160 S. W. 357; Walton v. State, 41 Tex. Crim. Rep. 454 S. W., 566; Turner v. State, 39 Tex. Crim. Rep. 328, 45 S. W. 1020.

101 Tex. Crim.—25.

Appellant's next contention is that no presumption of guilt arose on account of appellant's possession in this case, because such possession was not recent. In support of this proposition he cites the testimony of Hamlin to the effect that the first time he ever saw the cow was in 1923, and that if he were to say that the appellant took the cow, that he would say that he took her two years before that time. If this were all the testimony in the record, appellant's contention might be plausible, but the undisputed testimony from the other witnesses is to the effect that the appellant did take possession of the cow some time the first part of the year 1921.

Appellant's third and last contention is that the proof wholly failed to establish the fact that the animal was taken from the possesion of its legal owner. We cannot agree with this contention. While it is true that the alleged injured party owned some five hundred head of cattle and was necessarily not familiar with each individual cow, yet his testimony is to the effect that each and every cow that he owned at the time this cow went into the possession of the appellant was in his direct charge and control and in his possession.

Believing that the evidence is amply sufficient to support the verdict, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.