H. L. ROBINSON v. THE STATE.

No. 9140.   Delivered October 14, 1925.

1.—Manufacturing Intoxicating Liquor—Charge of Court—Burden of Proof— Reasonable Doubt.

Where on a trial for manufacturing intoxicating liquor, appellant defends on the ground that it was being manufactured for medical purposes, and introduces evidence in support of his defense, it is error for the Court to charge the jury that the burden of provng that it was so manufactured rests upon the defendant, and omitting to charge in the same connection on reasonable doubt.

2.—Same—Continued.

As is said by Presiding Judge Morrow in the Jones case 257 S. W. 895. "In a criminal case, the acquittal is not to be conditioned upon the belief of the jury that the accused is innocent, but upon the belief by the jury beyond a reasonable doubt that he is guilty. . . When, as in the present case, the evidence raises an issue touching such defense, the charge should be so framed that it will require an acquittal, if, from the evidence, the jury believed that the appellant's transportation of the intoxicating liquor, was for medicinal purposes, or if they had a reasonable doubt thereof. See opinion for citation of numerous authorities.

Appeal from the District Court of Cass County.   Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler,* for appellant.

*Wright Patman,* District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Cass County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

The State's testimony shows without dispute that appellant was found manufacturing intoxicating liquor.   The appellant defended against the charge that he was doing so unlawfully on the ground.

that he was manufacturing it for medicinal purposes and introduced much testimony tending to establish his defense. Under this condition of the record, the court charged the jury at the instance of the State as follows:

"You are instructed that our statute provides that it is unlawful for any person to manufacture intoxicating liquors not for medicinal, mechanicial, scientific, or sacramental purposes, and you are instructed that the burden of proving that intoxicating liquors were manufactured for such purpose (if any intoxicating liquors were manufactured) rests upon the defendant."

Defendant urged proper exceptions to this charge, among others, one being to the effect that the Court failed to apply the doctrine of reasonable doubt to the affirmative defense offered. The State cites the case of Harris v. State, 248 S. W. 54, and the case of Roberts v. State, 234 S. W. 89, as authority for the giving of this special charge. The Harris case, supra, was based upon the Roberts case, supra. The doctrine announced in the Roberts case, supra, was carefully analyzed by Presiding Judge Morrow in the case of Jones v. State, 257 S. W., 895, and in that case, a charge almost in the identical language as that criticised in this case was condemned. We think it clear from the reasoning in the Jones case, supra, that it was never intended that the appellant should be denied the right to have the doctrine of reasonable doubt applied to his defenses. The very question here presented was passed upon by this court in the case of Garcia v. State, in an opinion delivered June 10, 1925, in which it was said:

"It will be observed that the court not only fails to apply the doctrine of reasonable doubt to the affirmative defense offered, but in addition to this he affirmatively placed the burden on the appellant to show that such transportation was for medicinal purposes. In placing this burden on the appellant, it was certainly the duty of the court to instruct the jury as to what amount of proof would be necessary to enable the appellant to discharge the burden thus placed upon her."

Citing Jones v. State, supra; Clevenger v. State, 255 S. W., 622; Taylor v. State, 268 S. W., 754; Shamburger v. State, 6 S. W., 540; Johnson v. State, 15 S. W., 647; Tro v. State, 274 S. W., 634. In discussing the question here presented, Presiding Judge Morrow in the Jones case, used the following language:

"In a criminal case, an acquittal is not to be conditioned upon the belief by the jury that the accused is innocent, but upon the belief by the jury beyond a reasonable doubt that he is guilty. That the liquor was transported for one of the lawful purposes named is in the nature of an affirmative defense. When, as in the present case, the evidence raises an issue touching such defense the charge should be so framed that it will require an acquittal if, from the evidence,

the jury believed that the appellant's transportation of the intoxicating liquor was for medicinal purposes or if they had a reasonable doubt whether that was his purpose.''

In the Taylor case, supra, Judge Lattimore said:

''Granting that the burden may be on one shown to have made forbidden liquor in a proper case, to bring himself within one of the excepted purposes, still, that burden must be held discharged when the evidence raises in the minds of the jury a reasonable doubt on the question.''

We think under the authority of the above cases, if the charge complained of should have been given at all, it was clearly the duty of the court in connection therewith to instruct the jury as to what amount of proof would be necessary to enable the appellant to discharge the burden that was placed upon him.

For the error above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.