**1. Criminal law ⚮1102—Statement of facts stricken, where not in narrative form.**

Statement of facts, not in narrative form, as required by Vernon's Ann. Code Cr. Proc. 1916, art. 844c, but in question and answer form, will be stricken.

**2. Criminal law ⚮1184—Charge and verdict on one count and judgment on another presents error which may be corrected.**

Where indictment charged defendant with embezzling money of county on first count and money of another on second count, and court charged jury on second count only, on which verdict was returned, judgment, based on first count, presented an error which court is authorized and will correct.

Commissioners' Decision.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Kyle Wright was convicted of embezzlement, and he appeals.  Judgment as reformed affirmed.

R. E. Bozeman, of Quitman, and Jones & Jones, of Mineola, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin for the State.

BAKER, J.  Appellant was convicted in the district court of Wood county of embezzlement, and his punishment assessed at three years in the penitentiary.

[1] The state's attorney for this court moves to strike out the statement of facts because same is not in narrative form, as required by Vernon's Statutes, C. C. P. art. 844c, but is in more or less question and answer form, mixed with objections and rulings by the court and argument of counsel—citing Fenton v. State, 93 Tex. Cr. R. 366, 248 S. W. 363; Jenkins v. State, 93 Tex. Cr. R. 375, 247 S. W. 861; Simmons v. State, 97 Tex. Cr. R. 385, 261 S. W. 1032; and James v. State, 97 Tex. Cr. R. 612, 262 S. W. 500.

[2] The appellant contends, in his answer to said motion, that the statement of facts is sufficient after eliminating all of the question and answer form and the objections urged, rulings made by the court, and colloquy of counsel, and comes under the principle announced by this court in Cottrell v. State, 91 Tex. Cr. R. 131, 237 S. W. 928.  Upon investigation of said statement of facts, we find that all of the direct and redirect examination of the witnesses and a part of the cross-examination of same is in question and answer form, and same is not in compliance with the statutes, supra, and we believe the decisions above cited by the state are in point and are

not in conflict with the Cottrell Case, and that said motion should be sustained, and said statement of facts should be, and same is, hereby stricken out.  We believe under the law this is the proper and only course this court is authorized to pursue in this case.  The record discloses the indictment charges the appellant with embezzling money belonging to Wood county in the first count, and embezzling money belonging to W. T. Smith in the second count.  The court charged the jury only upon said second count, and the verdict of the jury was returned upon same, but the judgment and sentence are based upon the first count of the indictment.  This being an error that this court is authorized to correct under the law, said judgment and sentence are here now corrected and reformed to read that Kyle Wright who has been adjudged to be guilty of embezzlement of money belonging to W. T. Smith, etc., instead of funds belonging to Wood county.

With the statement of facts eliminated, there is no reversible error shown by the record, and the judgment and sentence of the trial court as reformed is affirmed.

PER CURIAM.  The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

---

## ROBISON v. STATE.  (No. 9140.)

(Court of Criminal Appeals of Texas. Oct. 14, 1925.)

**Criminal law ⚮778(5), 789(3)—Charge that burden of proving that manufacture was for medicinal purposes is on defendant held erroneous.**

Charge that burden of proving manufacture of liquor was for medicinal purposes is on defendant was erroneous, as failing to apply doctrine of reasonable doubt, and in failing to instruct as to amount of proof necessary to discharge burden.

Commissioners' Decision.

Appeal from District Court, Cass County; Hugh Carney, Judge.

H. L. Robison was convicted of manufacturing liquor, and he appeals.  Reversed and remanded.

King, Mahaffey & Wheeler, of Texarkana, for appellant.

Wright Patman, Dist. Atty., of Texarkana, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J.  The appellant was convicted in the district court of Cass county for the offense of manufacturing liquor, and his pun-

---

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ishment assessed at confinement in the penitentiary for a term of one year.

The state's testimony shows without dispute that appellant was found manufacturing intoxicating liquor. The appellant defended against the charge that he was doing so unlawfully on the ground that he was manufacturing it for medicinal purposes, and introduced much testimony tending to establish his defense. Under this condition of the record, the court charge the jury, at the instance of the state, as follows:

"You are instructed that our statute provides that it is unlawful for any person to manufacture intoxicating liquors not for medicinal, mechanical, scientific, or sacramental purposes, and you are instructed that the burden of proving that intoxicating liquors were manufactured for such purpose (if any intoxicating liquors were manufactured) rests upon the defendant."

Defendant urged proper exceptions to this charge, among others one being to the effect that the court failed to apply the doctrine of reasonable doubt to the affirmative defense offered. The state cites the case of Harris v. State, 93 Tex. Cr. R. 349, 248 S. W. 54, and the case of Robert v. State, 90 Tex. Cr. R. 133, 234 S. W. 89, as authority for the giving of this special charge. The Harris Case, supra, was based upon the Robert Case, supra. The doctrine announced in the Robert Case, supra, was carefully analyzed by Presiding Judge Morrow in the case of Jones v. State, 96 Tex. Cr. R. 332, 257 S. W. 895, and in that case a charge almost in the identical language as that criticized in this case was condemned. We think it clear from the reasoning in the Jones Case, supra, that it was never intended that the appellant should be denied the right to have the doctrine of reasonable doubt applied to his defenses. The very question here presented was passed upon by this court in the case of Garcia v. State, 273 S. W. 856, in an opinion delivered June 10, 1925, in which it was said:

"It will be observed that the court not only fails to apply the doctrine of reasonable doubt to the affirmative defense offered, but, in addition to this, he affirmatively placed the burden on the appellant to show that such transportation was for medicinal purposes. In placing this burden on the appellant, it was certainly the duty of the court to instruct the jury as to what amount of proof would be necessary to enable the appellant to discharge the burden thus placed upon her"—citing Jones v. State, supra; Clevenger v. State, 96 Tex. Cr. R. 23, 255 S. W. 622; Taylor v. State (Tex. Cr. App.) 268 S. W. 754; Shamburger v. State, 24 Tex. App. 433, 6 S. W. 540; Johnson v. State, 29 Tex. App. 150, 15 S. W 647; Tro v. State (Tex. Cr. App.) 274 S. W. 634.

In discussing the question here presented, Presiding Judge Morrow in the Jones Case, used the following language:

"In a criminal case, an acquittal is not to be conditioned upon the belief by the jury that the accused is innocent, but upon the belief by the jury beyond a reasonable doubt that he is guilty. * * * That the liquor was transported for one of the lawful purposes named is in the nature of an affirmative defense. When, as in the present case, the evidence raises an issue touching such defense, the charge should be so framed that it will require an acquittal if, from the evidence, the jury believed that the appellant's transportation of the intoxicating liquor was for medicinal purposes or if they had a reasonable doubt whether that was his purpose."

In the Taylor Case, supra, Judge Lattimore said:

"Granting that the burden may be on one shown to have made forbidden liquor in a proper case, to bring himself within one of the excepted purposes, * * * still, that burden must be held discharged when the evidence raises in the minds of the jury a reasonable doubt on the question."

We think under the authority of the above cases, if the charge complained of should have been given at all, it was clearly the duty of the court in connection therewith to instruct the jury as to what amount of proof would be necessary to enable the appellant to discharge the burden that was placed upon him.

For the error above discussed, it is our opinion that the judgment should be reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.