CHARLEY ELLIOTT v. THE STATE.

No. 10025.   Delivered March 24, 1926.

1.—Manufacturing Intoxicating Liquor—Evidence—Res Gestae—Improperly Rejected.

Where on a trial for manufacturing intoxicating liquor, appellant's defense being that the still captured belonged to his brother, that he had no interest in or connection with it, though present at the raid, it was error for the court to refuse to permit a witness to testify that about ten minutes after the raid, appellant's brother ran by witness' house, and stated to him that his still had been raided, and that some of the parties present had been shot, and that no one was making whiskey but himself. We believe this evidence was res gestae, and should have been admittd. See Branch's P. C., Secs. 85 and 86.   Wharton on Crim. Ev. 10th edition, Vol. 1, Sec. 262.

2.—Same—Charge of Court—Defensive Issue—Erroneously Omitted.

Where appellant's defensive theory, supported by the evidence, was that he was merely present at the still when it was raided by the officers, for the purpose of getting a drink, that it was owned and operated by his brother, and that appellant was not concerned in the manufacturing of whiskey, such defensive issue should have been submitted to the jury, and the court's failure to submit same was reversible error.   Following Gorzia v. State, 273 S. W. 856 and other cases cited.

Appeal from the District Court of Panola County.   Tried below before the Hon. W. T. Brown, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the district court of Panola county for unlawfully manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the sheriff and his deputies located a still, slipped up within a short distance thereof, and discovered the appellant and four or five other men near same, and upon the officers being discovered, all of the parties around said still ran, and the officers pursued them and discharged several shots, and some of the parties fleeing were wounded, but all escaped.

The still was in operation. It was the contention of the appellant that the still belonged to his brother, who was then operating and handling same, and he and the other parties present had just gone down there at the invitation of his brother to get a drink of whiskey, and that none of them except his brother was interested in said still in any way, and were not assisting in the operation of same in any manner. The appellant so testified and offered testimony in support of this contention. The record discloses that the appellant's brother died shortly thereafter.

By bill of exception No. 4 appellant complains of the action of the court in refusing to permit the witness Moreland to testify that Alonzo Elliott, appellant's brother, passed his house, which was a distance of about a mile and a half from where the still was located and raided, and appeared a little excited, and had the appearance of a man having been running or walking fast, and told said witness that about 10 or 15 minutes before the officers had raided his, Alonzo Elliott's, still and "had shot at him and some other parties who were there to get a drink, but that all had escaped, but that some of the parties had been shot; that he was sorry if anyone was seriously shot for they had nothing to do with the still, as no one was making whiskey but himself." The court excluded this testimony upon objection by the state that it was hearsay. It is the contention of the appellant that same was res gestae of the transaction and therefore admissible. We think this contention is well taken. The bill with the court's qualification thereon shows that the said Alonzo Elliott was talking about the same still and the same transaction and that said conversation took place within about 10 or 15 minutes after the raid and seizure of the still in question, and the witnesses appeared to be more or less excited, and showed to have been running or walking fast. For collation of authorities see Branch's P. C., Secs. 85 and 86. Wharton, Criminal Evidence, 10th Edition, Vol. 1, Sec. 262.

The appellant complains of the refusal of the court to charge the jury affirmatively on his defense to the effect that even though they should believe that the defendant was present at the scene where the whiskey was manufactured and where the still was sized, but that he did nothing to encourage the manufacture of the whiskey, and exercised no possession of or control over the still, or had any interest therein, but was merely a bystander, they should acquit him. The court in his main charge nowhere affirmatively presented the appellant's defense, and we think that the appellant's contention in this case is well founded, and that the court should have affirmatively presented

the appellant's defense to the jury. Garzia v. State, 273 S. W. 856; Stroehmer v. State, 273 S. W. 163; Arenson v. State, 261 S. W. 787.

For the errors above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.