## JOHNNY LONG V. THE STATE.

No. 10169.   Delivered May 12, 1926.

1.—Transporting   Intoxicating   Liquor — Charge   of   Court — Defensive
    Theory — Erroneous.

Where, on a trial for transporting intoxicating liquor, appellant's
defense that the liquor was being transported for medicinal purposes being
supported by evidence, it was error for the trial court to fail to submit this
issue in an affirmative instruction, coupled with the reasonable doubt.

2.—Same—Continued.

In placing the burden on appellant to show that such transportation
was for medicinal purposes, it was also the duty of the court to instruct
the jury as to what amount of proof would be necessary to enable the
appellant to discharge the burden thus placed upon, him, and also to
instruct that if the jury had a reasonable doubt as to whether or not such
transportation was for medicinal purposes, to acquit.   See Garcia v. State,
273 S. W. 856, and numerous other cases cited.

Appeal from the District Court of Jefferson County.   Tried
below before the Hon. J. C. Campbell, Judge.

Appeal from a conviction for transporting intoxicating liquor,
penalty one year in the penitentiary.

The opinion states the case.

*Rose & Johnson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,*
Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is transporting intoxicating
liquor, and the punishment is one year in the penitentiary.

The testimony discloses that the appellant was found with
three bottles of intoxicating liquor on his person which he had
carried across the street and into the entrance to his home.
The appellant testifies and his testimony was corroborated by
another witness that he was suffering from kidney trouble and
that the liquor that was found in his possession and which he
had transported was for the purpose of being used by him as
a medicine.   His testimony is to the effect that he was suffer-
ing from a severe disease of the kidneys and that he had been
advised by his physician to use intoxicants as a remedy for
nervousness caused by this disease.

It was appellant's theory and he supported it strongly by his
testimony that the liquor in question was transported to be
used by him solely for medicinal purposes.   This, under our
authorities constituted an affirmative defense under the facts
in this case.   Garcia v. State, 273 S. W. 856.

In submitting this defense to the jury the learned trial judge used the following language: "You are instructed that it is not unlawful to transport any of the liquors mentioned in this charge if done for medicinal purposes, and if you believe from the evidence in this case that the defendant was so transporting the liquor found in his possession for medicinal purposes only, you will acquit him. The burden of proving that the defendant was so transporting said liquors for medicinal purposes is upon the defendant."

In the above language only was the appellant's defense submitted to the jury. He excepted to said charge because it did not tell the jury that if they had a reasonable doubt that said transportation was for medicinal purposes to acquit; and his exception to the charge was to the effect further that such charge placed the burden of proof on the defendant to prove such transportation for medicinal purposes, and allowed the jury to convict even if they had a reasonable doubt as to its being for medicinal purposes.

It is clear that the trial court not only failed to apply the doctrine of reasonable doubt to the affirmative defense offered, but in addition to this he affirmatively places the burden on the appellant to show that such transportation was for medicinal purposes. In placing this burden on the appellant it was certainly the duty of the court to instruct the jury as to what amount of proof would be necessary to enable the appellant to discharge the burden thus placed upon him. Garcia v. State, supra. Jones v. State, 96 Texas Crim. Rep. 332; 257 S. W. 895. Clevenger v. State, 96 Texas Crim. Rep. 23; 255 S. W. 622. Taylor v. State, 268 S. W. 754. Schamburger v. State, 24 Texas Crim. App. 433; 6 S. W. 540. Johnson v. State, 29 Texas Crim. App. 150; 15 S. W. 647.

The exact question here presented was fully discussed by this court in the Jones case and the Garcia case, supra, and we conclude that under the authorities above cited, the court committed error in refusing to correct his charge in accordance with appellant's objections thereto.

For the error above discussed, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.