FRANK FORD V. THE STATE.

No. 10170.    Delivered June 9, 1926.

**Manslaughter—Charge of Court—On Defensive Issues—Improper.**

Where, on a trial for manslaughter, in his submission of appellant's defensive issues of threats and of self-defense, the court failed to apply the law of reasonable doubt in connection with such charge, the cause must be reversed. Many authorities may be cited which hold that it is error for the court to fail to so charge. See Regittano v. State, 257 S. W. 90, and numerous other cases cited.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Hogan & Mathews* of San Antonio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter, and the punishment is five years in the penitentiary.

The state's testimony, if true, is sufficient to support the verdict. The appellant's testimony, if true, is sufficient to clearly raise the issue of manslaughter and also clearly raise the issue of threats on the part of the deceased prior to the killing and an effort on his part to carry into execution said threats at the time thereof.

In submitting the law with reference to the threats, the court used the following language:

"If you believe from the evidence that the defendant, Frank Ford, shot and killed the said Dan Avery, and that prior to such killing said Dan Avery had threatened the life of the defendant, such threats of themselves would afford no justification for the killing, unless you believe from the evidence that said Dan Avery at the time of the shooting had done, or was in the act of doing some act or making some demonstration manifesting an intention then and there to execute or carry out such threats, or which was reasonably calculated, in view of all the evidence and circumstances of the case, considered from the defendant's standpoint, to produce, and which did produce, in the mind of the defendant, the belief that said Dan Avery was about to execute such threats, and in that event the defendant would have the right to act upon such reasonable appearance of danger, notwithstanding such danger might not, in fact, have been real, and in such case the party acting under such real or apparent danger is in no event bound to retreat in order to avoid the necessity or apparent necessity of killing his assailant, and the killing under such circumstances would be justifiable."

In submitting the law of self-defense the court used the following language:

"If you believe from the evidence that the defendant, Frank Ford, did, with a pistol, shoot and thereby kill the said Dan Avery, and you further believe, from all the evidence in the case, that at the time of such shooting the said Dan Avery did make a demonstration that reasonably induced the defendant to believe, viewed by you from the defendant's standpoint at the time, that he, the said Dan Avery, was about to attack him and inflict death or serious bodily injury upon him, then you are charged that the defendant had the right to shoot the said Dan Avery and to continue to shoot as long as there was a danger or apparent danger, and he would not be required to

retreat in order to avoid the necessity or apparent necessity of shooting the said Dan Avery, and if you so find, you will acquit the defendant.

"You are further instructed that it is not essential to the right of self-defense that real danger should exist. If from the defendant's standpoint, taking into consideration all of the facts and circumstances surrounding the parties, it reasonably appeared to the defendant that he was in danger of death or of serious bodily injury, then under the law he had the right to defend against such apparent danger to the same extent as if the danger was real, although in fact no danger existed. And in each case in order to determine whether or not the defendant had a reasonable fear of danger to his life or of serious bodily injury at the time of the killing, each juror must put himself in the defendant's place and determining from all the facts and circumstances as they appeared to the defendant at the time, whether his apprehension or fear of death or serious bodily injury was reasonable, and if you find that they were reasonable, then you must acquit the defendant."

These charges were duly excepted to before the court's main charge was read to the jury, the substance of said exceptions being that said charges as given by the court required the jury to find or believe the defensive theory before they could acquit the defendant, and the same nowhere charged in connection therewith the doctrine of reasonable doubt and did not instruct the jury that in the event they had a reasonable doubt as to said defensive issues to acquit the defendant. We have examined the charges complained of very carefully as well as the entire charge given, and we think appellant's objections thereto should have been sustained and the charge corrected to meet the same. The doctrine of reasonable doubt is nowhere given in connection with the defenses offered by the appellant, and many authorities might be cited which hold that it is error for the court to fail to so charge. The question in all of its phases is fully discussed in the following cases: Regittano v. State, 257 S. W. 90; Johnson v. State, 15 S. W. 647; Goforth v. State, 241 S. W. 1027; Arenson v. State, 261 S. W. 787; James v. State, 215 S. W. 459; Garcia v. State, 273 S. W. 856; Robinson v. State, 276 S. W. 259; Jones v. State, 257 S. W. 895; Garcia v. State, 275 S. W. 1007; Hathcock v. State, No. 9358.

For the errors in the court's charge above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.