## VICTERY v. STATE.

No. 13183.

Court of Criminal Appeals of Texas.
June 18, 1930.

P. R. Rowe, Campbell & Murphy, and Martin M. Feagin, all of Livingston, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.

Offense, murder; penalty, five years in the penitentiary.

The deceased, Paul Bond, was a former employee in the store of appellant. The dying declaration of deceased reads as follows: "My name is O. P. Bond—I was in the field—Mr. Victery, H. B. Victery, came down to the field —Wanted me to tell him about some stuff that was going on between me and his wife and I told him he knew as much it as I did and he cursed me for a son of a bitch. And I told him that I was not going to take it off of him and he said that I guess that I would too this morning and he pulled out his gun and began shooting me—I don't know how many times he shot but four or five times—and I asked him not to shoot any more he had killed me."

The wife of appellant testified that deceased insulted her on January 17, 1928. The killing occurred the following April. Appellant's wife testified for him on the trial, and, over objection, on cross-examination was forced to testify as follows: "As to whether after I told my husband that that unfortunate day on January 17th 1928 that Paul Bond tried to hug me, from that day on until the killing my husband frequently mentioned it to me, and appeared to be very mad at Paul about it, well, we discussed it some, not frequently. I have no idea about how many times from January 17th up until the day of the killing but it was several times."

It is claimed that this cross-examination was improper, was not germane to the

examination in chief, and related to conversations subsequent to the killing not inquired about upon direct examination. It will be observed that the exact details of the conversation between her and her husband were not disclosed, and nothing prejudicial to appellant's case was testified to by this witness. Any conversation, however, happening between the wife and another after the killing which directly contradicted her defensive testimony is regarded as germane and may be gone into. Marsh v. State, 54 Tex. Cr. R. 144, 112 S. W. 320; Johnson v. State (Tex. Cr. App.) 24 S.W. (2d) 825. The quoted testimony of the wife was not of such nature as would justify reversal, even if inhibited, and, upon another trial, the Marsh and Johnson Cases, supra, will guide the court, if the state seeks to go into the subject-matter of the conversation between the husband and wife.

■■ The court charged on provoking the difficulty. We think the facts clearly raised the issue under the well-settled rules of this court. It is specially pointed out that the charge on provoking the difficulty was error, because in the paragraph submitting the same the court specifically charged the jury, in substance, that appellant had a right to seek a meeting with deceased for the purpose of demanding an explanation and to arm himself for self-protection. If we comprehend appellant's point, it is that this should have been submitted in connection with his plea of self-defense. If the court does not limit defendant's right of self-defense by a charge on provoking the difficulty, or otherwise, but gives him the perfect right of self-defense on every defensive theory, it is not error to refuse to charge on his right to arm himself and seek an explanation. Branch's P. C., § 1950; Williford v. State, 38 Tex. Cr. R. 396, 42 S. W. 972; Dixon v. State, 91 Tex. Cr. R. 223, 238 S. W. 227. Such a charge is made necessary only when the issue is raised by the evidence and the court charges on provoking the difficulty, and in our opinion it was correctly submitted in this case in connection therewith and as a part of such charge. Without this the jury may have regarded the fact that appellant was armed as such wrongful act as might abridge his right of self-defense, and the court was apparently endeavoring to protect all the rights of appellant by giving the charge in the manner he did.

■ The appellant testified that he approached deceased for the purpose of seeking an explanation of certain remarks that he had heard of deceased making about his wife, and that, when he approached him, deceased began firing at him with a pistol, whereupon he killed him. The killing of deceased by appellant was conceded. Self-defense was an issue. The only paragraph submitting this found in the court's charge is in the following language: "If from the evidence you believe beyond a reasonable doubt that the defendant killed the said Paul Bond, but further believe that at the time of so doing, the deceased had made an attack on him, or was about to make an attack on him, and it reasonably appeared to the defendant by the acts or by the words coupled with the acts of deceased, that it was the purpose and intent of the deceased to either kill or inflict serious bodily injury on defendant, which caused him to have a reasonable expectation or fear of death or serious bodily injury, viewed from defendant's standpoint and his alone, and that acting upon such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him, and if the deceased was armed at the time with a pistol when he was killed and was making an attack on defendant, or was about to make an attack, as above defined, with such pistol, then the law presumes the deceased intended to kill or inflict serious bodily injury upon the defendant."

In supplemental objections to the Court's charge, appellant excepted to this paragraph because it fails to submit the law of reasonable doubt in connection therewith, and appellant endeavored further to correct this paragraph by requesting the court to give special charge No. 3, which in our opinion more pertinently presents appellant's defense and in immediate connection therewith submitted reasonable doubt. Charges in practically the exact verbiage of the above have been held erroneous in many cases. In the case of Regittano v. State, 96 Tex. Cr. R. 477, 257 S. W. 906, 908, Judge Morrow, after calling attention to two lines of authorities on this subject, lays down the rule in the following language: "It is believed, however, that where, as in the instant case, the defensive theory is an affirmative one—that is, where the connection of the accused with the homicide is conceded and justified by affirmative testimony given by the accused—when the matter is properly presented in the trial court, there should be embodied in the charge submitting his defense the information to the jury that, if they believe the affirmative defensive facts or have a reasonable doubt of their truth, an acquittal should result."

The same rule was subsequently followed by Judge Lattimore in the case of Simpson v. State, 93 Tex. Cr. R. 303, 247 S. W. 548. Other cases announcing the same doctrine are: Johnson v. State, 29 Tex. App. 150, 15 S. W. 647; Goforth v. State, 92 Tex. Cr. R. 200, 241 S. W. 1027; Arenson v. State, 97 Tex. Cr. R. 430, 261 S. W. 787; James v. State, 86 Tex. Cr. R. 107, 215 S. W. 459; Garcia v. State, 101 Tex. Cr. R. 55, 273 S. W. 856; Robinson v. State, 101 Tex. Cr. R. 501, 276 S. W. 259; Jones v. State, 96 Tex. Cr. R. 332, 257 S. W. 895; Hathcock v. State, 103 Tex. Cr. R. 518, 281 S. W. 859.

Mr. Branch states the rule as follows: "A charge is error which requires the jury to 'find' or 'believe' the defensive theory before

they can acquit, if reasonable doubt is not also charged in immediate connection with the same paragraph." Branch's P. C., p. 5. This announcement is supported by citation of numbers of earlier authorities. .

Appellant did not argue this point orally or in his brief, but a close examination of the record convinces us that it was properly raised in the lower court and is the only error in the entire record of such gravity, in our opinion, as would justify a reversal. This charge has been held erroneous in so many cases that we consider it unnecessary to discuss the question any further.

Judgment reversed, and cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.